UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

THOMAS GENERAL

                  Plaintiff,

                                            Case # 17-CV-6346-FPG

v.

                                            DECISION AND ORDER

MALCHO'S 650 MOSELY ROAD LLC,

                  Defendant.

## INTRODUCTION

Plaintiff Thomas General commenced this action against his former employer, Defendant Malcho's 650 Moseley Road LLC, alleging violations of the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq.* ECF No. 1.

Presently before the Court is Defendant's Motion to Dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). ECF No. 16. For the reasons that follow, Defendant's Motion is DENIED.

## BACKGROUND[1]

Defendant operates several gas stations throughout Monroe County, New York. ECF No. 1 at ¶ 8. In October 2015, Plaintiff began working for Defendant as a cashier. *Id.* at ¶ 12. While Defendant employed Plaintiff, Defendant had "more than 50 employees for each working day." *Id.* at ¶ 11.

On October 7, 2016, Plaintiff went to the emergency room "because he was suffering from diabetic neuropathy and his left leg went completely numb." *Id.* at ¶ 15. On the way to the hospital,

---

[1]     The following allegations are taken from Plaintiff's Complaint (ECF No. 1) and are accepted as true for the purposes of evaluating Defendant's Motion.

Plaintiff called his managers "to inform them of his condition and hospitalization and to request leave while he received treatment." *Id.* at ¶ 16. After receiving treatment, Plaintiff was discharged on October 10, 2016. ECF No. 1 at ¶ 19. The next day, Plaintiff returned to work "and continued working his regular work schedule." *Id*. at ¶ 20.

Plaintiff was hospitalized again on October 16, 2016 "because he continued to suffer from diabetic neuropathy and could not stand or walk." *Id.* at ¶ 21. On his way to the hospital, Plaintiff called his managers and a co-worker "to request leave while he received treatment." *Id.* at ¶ 22. Plaintiff was discharged on October 23, 2016. During Plaintiff's hospitalization from October 16 to October 23, 2016, he "repeatedly called his managers and left voice messages to keep the [D]efendant informed of his health condition and anticipated return date to work." *Id.* at ¶ 26.

On October 23, 2016, Plaintiff returned to work and one of his managers, Shaun Malcho, informed him that his employment was terminated. ECF No. 1 at ¶ 28. As of October 2016, Plaintiff "had worked more than 1,250 hours during the preceding calendar year" and, as of late-October 2016, Plaintiff had been a full-time employee of Defendant for over one year. *Id.* at ¶¶ 13-14. Plaintiff asserts that "[a]t no time was the FMLA mentioned to [P]laintiff by his manager throughout October 2016." *Id.* at ¶ 27. Plaintiff further asserts that he "has been seeking employment since his termination on October 23, 2016." *Id.* at ¶ 29.

Plaintiff's sole cause of action arises under the FMLA. *Id.* at 4. Specifically, Plaintiff alleges that Defendant violated the FMLA "by unlawfully interfering, restraining, and/or denying plaintiff the exercise of his rights under this statute, and the accompany regulations, 29 CFR §825.205(a), by failing to properly designate and give notice to plaintiff of his 'FMLA qualifying' leave." ECF No. 1 at ¶ 31. Furthermore, Plaintiff alleges that Defendant violated the FMLA "by failing to restore plaintiff to the position he held when his leave commenced, or restoring him to

an equivalent position with equivalent employment benefits, pay and other terms and conditions of employment." *Id.* at ¶ 32.

## CONVERSION UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(d)

As a threshold matter, the Court must determine whether to convert Defendant's Motion to Dismiss to one for summary judgment.

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Further, 12(d) provides that, if such a motion is treated as one for summary judgment, "[a]ll parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.*

Thus, when presented with matters outside the pleadings, a court has two options: (1) exclude the extrinsic documents and rule on the pending 12(b)(6) or 12(c) motion; or (2) consider the extrinsic documents and "convert the motion to one for summary judgment and give the parties an opportunity to conduct appropriate discovery and submit the additional supporting material contemplated by Rule 56." *Chambers v. Time Warner Cable, Inc.*, 282 F.3d 147, 154 (2d Cir. 2002). "The ultimate decision of whether to convert a Rule 12(b)(6) motion into a Rule 56 motion is discretionary." *Fernandez v. Windmill Distributing Co.*, 159 F. Supp. 3d 351, 357 (S.D.N.Y. 2016) (citation omitted).

Here, Defendant submitted three affidavits in support of its Motion. ECF Nos. 18-20. Defendant's Motion and affidavits introduce additional facts that directly contradict the facts alleged in the Complaint.[2] Defendant does not object to the Court converting its pending motion

---

[2] For example, Plaintiff alleges that, upon his return to work on October 23, 2016 after a week-long hospital stay, he was informed that his employment with Defendant was terminated. ECF No. 1 at ¶¶ 26, 28. Defendant asserts that Plaintiff worked on October 28 and 29, 2016 before notifying Defendant that he could not work on October 30,

to dismiss to one for summary judgment, and it asserts that discovery is unnecessary as to whether Defendant is an "employer" and Plaintiff is an "eligible employee" under the FMLA because "there is no set of facts under which Defendant could be held liable." ECF No. 24 at 2-3.

Plaintiff argues that, if the Court does not exclude the matters outside the pleadings Defendant introduced, then Defendant's Motion must be treated as one for summary judgment and "all parties must be given a reasonable opportunity to present all material facts pertinent to the summary judgment motion." ECF No. 23 at 1. Plaintiff's counsel submitted an affidavit, pursuant to Rule 56(d) (formerly Rule 56(f)), seeking additional discovery if the Court converts Defendant's Motion. ECF No. 23-1. Rule 56(d) provides a mechanism whereby a party may "resist[ ] summary judgment on the ground that it needs additional discovery . . . ." *See Nationwide Sales & Servs. Inc. v. Envirocare Techs. Int'l, Ltd.*, Nos. 16-6617 (GRB), 16-6223 (DRH)(GRB), 2018 WL 2436969, at *8 (E.D.N.Y. May 30, 2018) (quoting *Meloff v. N.Y. Life Ins. Co.*, 51 F.3d 372, 375 (2d Cir. 1995) (citation omitted)).

The Court declines to convert Defendant's Motion into one for summary judgment. *See Acquest Holdings, Inc. v. Travelers Cas. & Sur. Co. of Am.*, 217 F. Supp. 3d 678, 685 n.2 (W.D.N.Y. 2016) ("Whether the Court should convert or decide the motion to dismiss on the pleadings alone is a discretionary decision.") (citing *Friedl v. City of New York*, 210 F.3d 79, 83 (2d Cir. 2000)). Plaintiff did not attach extrinsic materials to his Complaint and discovery has not occurred in this matter. *See id.* ("Because Plaintiff has not filed any extra-pleading materials and no discovery has occurred, the Court declines to convert the motion to dismiss into a motion for summary judgment."). Therefore, the Court will rule on Defendant's Motion to Dismiss for failure

---

2016. ECF No. 17 at 8. Defendant also asserts that Plaintiff was a "no-call, no-show" from October 31 through November 18, 2016 and was not informed he was terminated until December 8, 2016. *Id*. at 7-8.

to state a claim upon which relief can be granted. Plaintiff's request for relief pursuant to Rule 56(d) is DENIED as moot.[3]

## LEGAL STANDARD

Pursuant to Rule 12(b)(6), a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In evaluating a 12(b)(6) motion, a court "must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." *In re Express Scripts Holding Co. Secs. Litig.*, No. 16 Civ. 3338 (ER), 2018 WL 2324065, at *6 (S.D.N.Y. May 22, 2018) (citing *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014)). However, a court "is not required to credit mere conclusory statements or threadbare recitals of the elements of a cause of action." *Id.* (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (alterations and internal quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Myun-Uk Choi v. Tower Research Capital LLC*, 890 F.3d 60, 65-66 (2d Cir. 2018) (citing *Iqbal*, 556 U.S. at 678) (citation and internal quotation marks omitted).

## DISCUSSION

Under the FMLA, eligible employees have "the right to take up to twelve work weeks per year of unpaid leave due to 'a serious health condition that makes the employee unable to perform the functions of [her] position.'" *Baker v. Goldberg Segalla LLP*, No. 16-CV-613-FPG, 2017 WL 1243040, at *2 (W.D.N.Y. Apr. 5, 2017) (citing 29 U.S.C. § 2612(a)(1)(D)). "At the end of that period, the employee is entitled to return to either the position she held before taking leave or to an equivalent position." *Id.* (citing 29 U.S.C. § 2614(1)). This right to reinstatement is not absolute

---

[3] The Court will limit its review of Defendant's Motion to the four corners of Plaintiff's Complaint and exclude the extrinsic documents. Though a court adjudicating a 12(b)(6) motion may review extrinsic materials under certain exceptions, none of those exceptions apply here. *See Goel v. Bunge, Ltd.*, 820 F.3d 554, 558-60 (2d Cir. 2016).

and is extinguished where "the employee is unable to perform an essential function of her position." *Id*. (citations omitted); *see also* 29 C.F.R. § 825.214(b) ("If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition, the employee has no right to restoration to another position under the FMLA.").

"The FMLA makes it unlawful for any employer to 'interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.'" *Baker*, 2017 WL 1243040, at \*2 (citing 29 U.S.C. § 2615(a)(1)). Claims brought under § 2615(a)(1) are often separated into two categories: "interference" and "retaliation." *Id*. (citing *Graziadio v. Culinary Inst. of Am.*, 817 F.3d 415, 424-430 (2d Cir. 2016)).[4]

To prevail on an interference claim,

> a plaintiff must establish: 1) that she is an eligible employee under the FMLA; 2) that the defendant is an employer as defined by the FMLA; 3) that she was entitled to take leave under the FMLA; 4) that she gave notice to the defendant of her intention to take leave; and 5) that she was denied benefits to which she was entitled under the FMLA.

*Coutard v. Mun. Credit Union*, 848 F.3d 102, 108-09 (2d Cir. 2017) (quoting *Graziadio*, 817 F.3d at 424).

To prevail on a retaliation claim,

> a plaintiff must adequately allege that (1) she exercised rights protected under the FMLA; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent.

---

[4] Plaintiff's Complaint brings one cause of action for "violations of the Family Medical Leave Act." *See* ECF No. 1 at 4. Although Plaintiff does not specify whether he raises an interference claim, retaliation claim, or both, the Complaint "is properly read as raising both types of FMLA claims." *See Jordan v. Cty. of Chemung*, 264 F. Supp. 3d 497, 505 (W.D.N.Y. 2017). Plaintiff alleges that "Defendant retaliated against [P]laintiff by unlawfully terminating him after he exercised his rights under the FMLA" and also alleges that "Defendant willfully and unlawfully interfered with [P]laintiff's rights under the FMLA." ECF No. 1 at 1, 5.

*Baker*, 2017 WL 1243040, at \*4 (W.D.N.Y. Apr. 5, 2017) (citing *Graziadio*, 817 F.3d at 429).

Defendant advances two arguments: (1) Defendant is not subject to the FMLA based on the statute's definition of "employer" and "eligible employee"; and (2) Plaintiff did not comply with FMLA requirements because he failed to notify Defendant that he required leave for a reason that the statute protects. ECF No. 17 at 2. The Court considers each of these arguments in turn.

## I.      "Employer" Under the FMLA

Defendant argues that it is not subject to the FMLA because it did not employ 50 or more employees at the relevant time and thus did not meet the statutory definition of the term "employer." ECF No. 17 at 3-4. In response, Plaintiff asserts that Defendant was an "employer" because it "operates ten or more gas stations around the Monroe County area and employed more than 50 employees within a 75-mile radius of the [P]laintiff's work locations in Fairport and Pittsford, New York." ECF No. 23 at 5.

In relevant part, the FMLA defines "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year." 29 U.S.C. § 2611(4)(A)(i).

Here, Plaintiff alleged that Defendant was his employer within the meaning of the FMLA, 29 U.S.C. § 2611(2), and that Defendant had "more than 50 employees for each working day during each of the twenty or more calendar weeks in the current to preceding calendar year within the required geographical limitations." ECF No. 1 at ¶¶ 10-11. Thus, Plaintiff has alleged that Defendant is an FMLA covered employer and met the specific

statutory requirements. These allegations are sufficient at the motion to dismiss stage. *See Smith v. Westchester Cty.*, 769 F. Supp. 2d 448, 466 (S.D.N.Y. 2011) (finding that plaintiff's failure to "explicitly allege that Defendant DOC is a covered employer" warranted dismissal of plaintiff's FMLA interference claim); *Spurlock v. NYNEX*, 949 F. Supp. 1022, 1033 (W.D.N.Y. 1996) (explaining that, to show a defendant is an employer under the FMLA, a plaintiff "must allege that defendant employs fifty or more employees for each working day of twenty or more calendar workweeks in the current or proceeding [sic] calendar year") (citing 29 U.S.C. § 2611(4)).

Defendant argues, without supporting authority, that even if Plaintiff adequately pled the elements of an FLMA claim, the Court should summarily dismiss this matter because Defendant is not an "employer" under the FMLA and therefore cannot be held liable under the FMLA. ECF No. 24 at 2. Defendant also argues that "discovery on this issue is not necessary because there is no set of facts under which Defendant could be held liable." ECF No. 24 at 3. These arguments fail.

Though Defendant may ultimately be able to resolve this issue in its favor before trial, resolution at this juncture would be premature. As the Supreme Court has instructed, a court reviewing a 12(b)(6) motion "must take the allegations as true, no matter how skeptical the court may be." *See Iqbal*, 556 U.S. at 696 ("The sole exception to this rule lies with allegations that are sufficiently fantastic to defy reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel. That is not what we have here."). Therefore, accepting Plaintiff's allegations as true, Defendant's Motion to Dismiss the Complaint because Defendant is not a covered "employer" is DENIED.

## II. "Eligible Employee" Under the FMLA

Defendant argues that Plaintiff does not meet the statutory definition of an "eligible employee" for the same reason it asserts that Defendant does not meet the definition of an "employer"—because Defendant did not employ 50 or more employees during the relevant period. ECF No. 17 at 3-4. The definition of "eligible employee" specifically excludes "any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B).

As discussed above, Plaintiff has adequately alleged that Defendant employed 50 or more employees. Thus, based on the same reasoning, Defendant's Motion to Dismiss the Complaint because Plaintiff does not meet the statutory definition of an "eligible employee" is DENIED.

## III. Notice

Defendant, relying on extrinsic materials, argues that it "has established that Plaintiff failed to notify it that [Plaintiff] needed a leave of absence from work for any reason, including a reason protected by the FMLA." ECF No. 17 at 8.

To establish a prima facie case for an FMLA interference claim, the plaintiff must allege "that she gave notice to the defendant of her intention to take leave." *See Geromanos v. Columbia Univ.*, 322 F. Supp. 2d, 420, 427 (E.D.N.Y. 2004). Here, Plaintiff alleged that: he was hospitalized due to diabetic neuropathy on October 7, 2016 and he contacted his managers "to inform them of his condition and hospitalization and to request leave" while "on his way to the hospital" (ECF No. 1 at ¶¶ 15-16); he called his managers again when he was hospitalized on October 16, 2016 "to inform them of his condition and

9

hospitalization and to request leave" (*Id.* at ¶ 22); he "repeatedly called his managers and left voice messages, to keep the [D]efendant informed of his health condition" during his hospital stay from October 16, 2016 through October 23, 2016 (*Id.* at ¶ 26); and that his employment was terminated upon his return to work on October 23, 2016 (*Id.* at ¶ 28). Accepting these allegations as true, Plaintiff has adequately alleged that he gave Defendant notice of his intention to take leave. *See Coutard*, 848 F.3d at 111 ("[I]n the absence of a request for additional information, an employee has provided sufficient notice to his employer if that notice indicates reasonably that the FMLA may apply.").

## CONCLUSION

For the reasons stated, Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, Defendant's Motion to Dismiss is DENIED.

By separate order, the Court will refer this matter to a United States Magistrate Judge for pretrial proceedings.

IT IS SO ORDERED.

Dated: July 9, 2018
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court